# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2022

Lyle W. Cayce
Clerk

No. 21-40079

United States of America,

*Plaintiff—Appellee*,

*versus*

Margarita Escandon,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-22-1

Before Southwick, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:*

Margarita Escandon violated the terms of her supervised release. The district court revoked her term of supervised release, imposing a sentence of 18 months imprisonment. Escandon appeals the imposition of the sentence, claiming that the district court plainly erred by failing to consider the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40079

Sentencing Guidelines. Concluding that Escandon has not met the exacting standard of plain error review, we AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Margarita Escandon pled guilty to transporting an alien within the United States for private financial gain and was sentenced to seven months of imprisonment and three years of supervised release. Her term of supervised release began in July 2019. In August 2019, Escandon's probation officer alleged that she violated her conditions by using cocaine and failing to report in a timely manner to the probation office upon release from prison. In November 2019, her probation officer alleged that she failed to attend five scheduled counseling sessions and failed to submit to four random drug tests. She was counseled for these violations, and no further action was taken.

In April 2020, though, Escandon's probation officer filed a petition to revoke her supervised release under 28 U.S.C. § 3583(e). The probation officer identified Escandon's previous violations, her failure to report to her probation officer on six occasions, and failure to submit timely, truthful and complete written reports to her probation officer on five occasions. This petition to revoke was superseded by a new petition in August 2020. The new petition also alleged that she threw a beer can at her 12-year-old daughter, hitting her in the head. The petition alleged that this conduct violated the Texas Penal Code section that criminalizes injury to a child. Tex. Penal Code § 22.04.

At the revocation hearing, Escandon pled not true to committing the new offense of injury to a child but pled true to the remainder of the violations. The district court considered evidence and found that Escandon's conduct violated the injury to a child statute. It also found that the rest of the violations occurred. Escandon's counsel argued that she accepted responsibility for her actions and requested that the district court

2

"consider continuing her on supervision." The district court declined to do so. Instead, it revoked Escandon's term of supervised release and sentenced her to 18 months of imprisonment without supervised release.

At the revocation hearing, neither the parties nor the district court mentioned the Sentencing Guidelines or a Guidelines range. The probation officer, though, had prepared a Judge's Sentencing Options Worksheet ("JSOW"), which outlined a Guidelines range of 18 to 24 months imprisonment in this case. Although this JSOW was not in the district court record, the parties agreed to supplement the appellate record with a copy of the JSOW. At oral argument, Escandon's counsel conceded that it had been provided to the defense at the time of sentencing.

Escandon's counsel did not object to the sentence at the revocation hearing. On appeal, Escandon argues the district court imposed a procedurally unreasonable sentence by not considering the Sentencing Guidelines policy statements governing supervised release violations.

## DISCUSSION

Escandon did not object at sentencing, making our review for plain error. *United States v. Rivera*, 784 F.3d 1012, 1016 (5th Cir. 2015). In order to prevail on clear error review, Escandon must first show (1) "an error that has not been intentionally relinquished or abandoned"; (2) which is "plain — that is to say, clear or obvious"; (3) which "affected [her] substantial rights." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). If Escandon can establish these elements, we then consider whether it "should exercise its discretion to correct the forfeited error" and does so "if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the

revocation sentence. 18 U.S.C. § 3583(e)(3); *United States v. Davis*, 602 F.3d 643, 646 (5th Cir. 2010). The district court, though, "must consider" the sentencing factors and policy statements of the Sentencing Guidelines. *Davis*, 602 F.3d at 646. This consideration may be implicit. *See United States v. Kippers*, 685 F.3d 491, 499 (5th Cir. 2012).

Escandon argues that the district court erred by not considering the Sentencing Guidelines policy statements governing supervised release violations. Any such error must be "clear or obvious" to merit plain error, which means it must not be "subject to reasonable dispute." *Puckett v. United* States᠂556 U.S. 129, 135 (2009). In this case, both parties were provided the JSOW before sentencing. It referred to various section of the Guidelines, including commentary, application notes, and other considerations. The district court's sentence was at the low end of the range recommended in the JSOW. It seems nearly certain, then, that the district court considered the JSOW and the sentencing factors and policy statements it referenced. It was Escandon's burden to show the opposite: that there is no reasonable dispute that the district court failed to consider the Guidelines' sentencing factors and policy statements. *See id.* Consequently, no error that is plain has been identified, making it unnecessary to consider the other elements of plain error.

AFFIRMED.